## Hildebrand's Estate.

*Promissory notes—Executors and administrators—Protest.*

Where a note indorsed by a decedent for a son, one of his executors, matures after the decedent's death, and is not paid nor protested, and a renewal note made by the son is indorsed by another son, also an executor, the son who indorses the second note is not entitled after he has been compelled to pay the note, to recoup himself from his father's estate.

Argued Nov. 9, 1909. Appeal, No. 222, Oct. T., 1908, by M. F. Hildebrand and J. Ross Hildebrand, from decree of O. C. Lancaster Co., Feb. T., 1908, No. 8, dismissing exceptions to adjudication in Estate of Jacob Hildebrand. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*John M. Groff*, for appellant, cited: Cooper's Estate, 4 Pa. Superior Ct. 615; Arnold v. Niess, 1 Walk. 115.

*Wm. R. Brinton*, with him *John E. Malone*, for appellees, N. R. B. Goodman, J. Lloyd Goodman and Hilda Mercereau.

*B. F. Davis*, for appellee, H. B. Graybill.

OPINION BY BEAVER, J., March 3, 1910:

From the facts as found, which are practically admitted by the appellant, we are unable to see how a correct conclusion other than that of the court below could have been reached in this case.

The decedent in his lifetime indorsed the note of one of his sons, who is also one of the executors of his estate. He died before the maturity of the note. Upon the day upon which the note matured, another son, also one of the executors, indorsed the note of his brother and coexecutor for a similar amount, whereupon the bank which had discounted it surrendered the note upon which the decedent was indorser.

It was not protested, nor is there even an allegation that there was a waiver by the executors of demand, protest and notice. There never was, therefore, so far as that note was concerned, any direct liability· on the part of the indorser to the bank or to any other person. If the executor who indorsed the note for his brother and coexecutor, with which the note upon which the decedent was the indorser was lifted, had intended to hold the estate of his father liable therefor, he should have had it protested, so as to fix the liability of the estate of the deceased indorser. If the bank which held the note had allowed the date of payment to pass without protest, it would, of course, have been without remedy against the decedent's estate. In what better position, therefore, is the executor, the brother of the maker of the note, who indorsed a new note, practically taking the place of the bank,

so far as the liability of the previous indorser is concerned? He had no greater legal right to take credit in his account for the amount of the note than he would have had to have paid it to a stranger without protest, the legal liability of the estate being no greater in the latter case than in the former.

The case is entirely free from difficulty, as we view it, and as the court below well remarks in its opinion, "There is no opening for an argument in this case. The conclusion follows directly from the facts."

Decree affirmed and appeal dismissed at the costs of the appellants.